IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Douglas Greer, ) | Civil Action No.: 8:10-2219-HMH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION OF** |
| ) | **MAGISTRATE JUDGE** |
| William Fred McGregor, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff is a pro se prisoner who is alleging claims for unpaid wages. This matter is before the Court on the Plaintiff's Motion to Substitute (Dkt. # 14) and the Defendant's Motion to Dismiss (Dkt. # 16).

The Plaintiff filed this action on August 23, 2010.[1] On October 15, 2010, the Plaintiff filed a motion notifying the court that the Defendant had died and informing the court that the Marshal should serve the complaint on the Defendants' wife and son. (Dkt. # 14.) On October 22, 2010, the Defendant's counsel filed a Motion to Dismiss on the ground that the

---

[1]The Plaintiff's action was received and docketed by the Court on August 25, 2010. (Dkt. # 1.) However, the envelope containing the complaint was postmarked August 23, 2010. (Dkt. # 1 - Attach. # 2.) The date a prisoner deposits papers in the prison mailbox constitute the date of filing under the "mailbox rule." *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (holding that a pro se prisoner's notice of appeal of 2254 motion was considered filed when prisoner delivered papers to prison authorities); *Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 734-35 (4th Cir.1991) (extending the rationale of *Houston* to apply to filings in 42 U.S.C. § 1983 cases). The mailbox rule in *Houston* has also been extended to cases, other than 42 U.S.C. §1983, to determine the date of filing. *See Longenette v. Krusing,* 322 F.3d 758, 764-65 (3d Cir. 2003) (holding that the mailbox rule applies in an administrative forfeiture case); *Tapia-Ortiz v. Doe,* 171 F.3d 150, 152 n. 1 (2d Cir.1999) (applying the *Houston* rule to the filing of administrative claims under Federal Tort Claims Act ("FTCA"); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (extending the mailbox rule to state and federal prisoners filing FTCA claims); *Moskovits v. Drug Enforcement Admin.,* 774 F.Supp. 649, 653 (D.D.C.1991) (extending the mailbox rule to the filing of an affidavit with the Drug Enforcement Administration for forfeiture purposes).

Defendant had died. (Dkt. # 16.) There was no evidence in the record as to when the Defendant died. Accordingly, the court ordered counsel to file the Defendant's death certificate. (Dkt. # 21.) On October 28, 2010, counsel filed the death certificate establishing that the Defendant died on August 26, 2010. (Dkt. # 24.)

Ordinarily, under Rule 25(a)(1), Fed. R. Civ. P., a statement noting the death of a party must be suggested on the record and, thereafter, a motion to substitute must be filed within 90 days after service of that statement. Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." If substitution of the party is not timely made, "the action by . . . the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1).

Rule 25 presupposes that substitution is for someone who was a party to a pending action. Substitution is not possible if one who was named as a party in fact died before the commencement of the action. *See Chorney v. Callahan,* 135 F.Supp. 35, 36 (D.C. Mass. 1955)(holding Rule 25 "clearly contemplates substitution for a party, i.e., for someone who had been made a party to the action before his death."). "If an action was commenced by the filing of a complaint but a party named in the complaint dies, . . . before he is served with process, substitution is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction." Wright & Miller, *Federal Practice and Procedure, Civil* § 1951 (1972); see also Vol. 3B, Moore's Federal Practice ¶ 25.05, (2nd ed. 1977).

Here, the Defendant died before being served, but after the filing of this action. Therefore, the Defendant should not be dismissed. Additionally, the Plaintiff has named the wife and son as parties which should be substituted without any indication that either of these people is a proper successor or representative of the Defendant. Thus, the

Plaintiff's motion to substitute should also be denied.

Instead, the Defendant's counsel should serve a formal notice of suggestion of death on both the representative and the Plaintiff and file a proof of service reflecting the name and address of the person(s) to be served. Fed.R.Civ.P. 25. Proper service of a statement suggesting death needs to be served on the parties as provided in Rule 5 and on non-parties as provided in Rule 4. Fed.R.Civ.P. 25(a)(3).[2] "The law is well settled that the Suggestion of Death must identify the successor or representative of the deceased." *Dietrich v. Burrows,* 164 F.R.D. 220, 222 (N.D.Ohio 1995). *See also Smith v. Planas,* 151 F.R.D. 547, 549 (S.D.N.Y.1993) (holding for suggestion of death to be valid, it must identify successor or representative who may be substituted for decedent). Thereafter, the Plaintiff should provide the court with the name and accurate and current location of any properly substituted defendant so that the Marshal can effect service.

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion to Substitute (Dkt. # 14) and the Defendant's Motion to Dismiss (Dkt. # 16) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 4, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[2]Additionally, to satisfy Rule 25(a)(1), the suggestion of death must be personally served on nonparty representative of deceased, rather than deceased's attorney. *See Fariss v. Lynchburg Foundry,* 769 F.2d 958, 961 (4th Cir.1985).