IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Douglas Geer, ) | Case No. 8:10-cv-2219-HMH-JDA |
|       Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Thomas W. McGregor, as personal ) | |
| representative of the Estate of William ) | |
| Fred McGregor; Gail McGregor, ) | |
|       Defendants. ) | |

This matter is before the Court on Plaintiff's motion to dismiss Defendants'[1] counter-claims for insufficiency of service of process. [Doc. 79.] Plaintiff is proceeding pro se. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

---

[1] Plaintiff originally named William Fred McGregor as the sole defendant in this case. [*See* Doc. 1.] On October 15, 2010, before service was effected on William Fred McGregor, Plaintiff informed the Court that William Fred McGregor had passed away, and Thomas W. McGregor and Gail McGregor should be substituted as parties to the action; Plaintiff's letter was filed as a motion to substitute party. [Doc. 14.] On October 22, 2010, William Fred McGregor's attorney filed a motion to dismiss the action because Plaintiff failed to properly serve William Fred McGregor and the Court lacked jurisdiction over William Fred McGregor, a deceased person. [Docs. 16, 16-1.] On November 29, 2010, the District Court adopted the Report and Recommendation of Magistrate Judge Bruce Howe Hendricks, recommending that both motions be denied and that, pursuant to Rule 25 of the Federal Rules of Civil Procedure, William Fred McGregor's counsel "should serve a formal notice of suggestion of death on both the representative and the Plaintiff and file a proof of service reflecting the name and address of the person(s) to be served." [Doc. 30 at 3.] Counsel filed a suggestion of death on December 10, 2010 [Doc. 38], Plaintiff provided a proposed summons on December 17, 2010, and Defendant Thomas W. McGregor was added as a party and William Fred McGregor was terminated as a party on December 20, 2010 [Doc. 43]. Plaintiff subsequently filed a motion to amend/correct the Amended Complaint to add Defendant Gail McGregor [Doc. 53], which the Court granted by text order on February 25, 2011 [Doc. 69].

## BACKGROUND

Plaintiff filed this action on August 25, 2010 [Doc. 1] and amended his Complaint on August 31, 2010 [Doc. 6] and March 4, 2011 [Doc. 76].[2]  Plaintiff alleges Defendants owe Plaintiff three years' worth of back wages, stock in Defendants' company, and money Plaintiff invested with Defendants.  [Doc. 76-2 at 2.]   Plaintiff claims damages in the amount of $234,000 or a sum approved by the Court. [*Id.* at 5.]  In Defendants' Second Amended Answer, filed in response to the First Amended Complaint, Defendants asserted counterclaims against Plaintiff, including breach of contract, fraud, quantum meruit, and unjust enrichment.  [Doc. 50.]  On March 8, 2011, Plaintiff filed the instant motion to dismiss Defendants' counterclaims, asserting "attorneys can not serve[] a summons." [Doc. 79.] On March 17, 2011, Defendants have filed a response in opposition. [Doc. 87.] Accordingly, Plaintiff's motion to dismiss is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings.  *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the mandated liberal construction means that only if the court can

---

[2] When he filed this action, Plaintiff was an inmate at Kirkland Correctional Institution.  [*See* Doc. 1.] On June 28, 2011, Plaintiff filed a notice of change of address, indicating his max-out date was July 1, 2011 and future correspondence could be sent to him at an address in Ohio.  [Doc. 140.]

reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Defenses Under Rule 12(b)**

Under Rule 12(b) of the Federal Rules of Civil Procedure,

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may also assert the following defenses by motion:
>
> (1)   lack of jurisdiction over the subject matter,
> (2)   lack of jurisdiction over the person,
> (3)   improper venue,
> (4)   insufficiency of service of process,
> (5)   failure to state a claim upon which relief can be granted,
> (6)   failure to state a claim upon which relief can be granted; and,
> (7)   failure to join a party under Rule 19.
>
> *A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed*.

Fed. R. Civ. P. 12(b) (emphasis added). A party waives the defenses listed in Rule 12(b)(2)–(5) if the party omits the defense from an earlier motion asserting Rule 12(b) defenses, fails to make the defense by a motion under Rule 12, or fails to include the defense in a responsive pleading or an amendment allowed as a matter of course under Rule 15(a)(1). Fed. R. Civ. P. 12(g)–(h).

**Service of Process**

A defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(5). Rule 4(e) governs the service of process upon individuals in the United States and provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally, (2) leaving a copy of the summons and complaint with a person of suitable age and discretion then residing at the defendant's home or usual place of abode, or (3) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Rule 4(e) also provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. *Id.* In South Carolina, service of process may be accomplished by certified mail:

> *Service by Certified Mail.* Service of a summons and complaint upon an . . . [individual, corporation, or partnership] . . . may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt. . . .

S.C.R. Civ. P. 4(d)(8). Further, noncompliance with Rule 4 of the Federal Rules of Civil Procedure does not mandate dismissal where the necessary parties have received actual notice of the suit and have not been prejudiced by the technical defect in service. *See Karlsson v. Rabinowitz*, 318 F.2d 666, 668–69 (4th Cir. 1963) (upholding service upon the defendant's wife at a home to which the defendant never intended to return).

**DISCUSSION**

Plaintiff asserts Defendants' counterclaims should be dismissed because service of the counterclaims by way of a summons issued by the Defendants' attorney was improper. [Doc. 79.] Defendants argue Plaintiff's defense of improper service is waived because he failed to raise this defense in his responsive pleading. [Doc. 87.] The Court agrees.

The docket indicates that on January 13, 2011, a "Summons In a Civil Action - Counterclaim" was issued to Plaintiff by the Clerk of Court for the District of South Carolina. [Doc. 52.] On January 31, 2011, Plaintiff filed an Answer to the Counterclaim but failed to raise insufficiency of service of process as a defense. [Doc. 57.] Because Plaintiff failed to raise this defense in his Answer to the Counterclaim, the Court finds this defense is waived.

Further, Plaintiff has provided no basis or reasoning for his position that service was improper, and even liberally construing Plaintiff's pleadings, the Court finds no support for Plaintiff's position because the summons was properly issued by the Clerk of Court for the District of South Carolina, not by Defendants' counsel, as alleged by Plaintiff. Moreover, even assuming the service was improper, Plaintiff has failed to show how he was prejudiced by the service or why proper service could not be accomplished. Whether or not to dismiss a case under Rule 12(b)(5) for insufficiency of service is within the discretion of the court. *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 218 F. Supp. 2d 653, 655 (D.N.J. 2002) (citing *Nat'l Expositions, Inc. v. DuBois*, 97 F.R.D. 400 (D.C. Pa. 1983)). Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper

service is unlikely to be accomplished. *Curcuruto v. Cheshire*, 864 F. Supp. 1410, 1411 (S.D. Ga. 1994) (quoting *Miree v. United States*, 490 F. Supp. 768, 776 (N.D. Ga. 1980)). Therefore, when there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

## CONCLUSION

Wherefore, based on the foregoing, it is recommended that Plaintiff's motion to dismiss [Doc. 79] be DENIED.

IT IS SO RECOMMENDED.

                                                  s/Jacquelyn D. Austin
                                                  United States Magistrate Judge

October 18, 2011
Greenville, South Carolina