IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Douglas Geer, | Case No. 8:10-cv-2219-HMH-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Thomas W. McGregor, as personal representative of the Estate of William Fred McGregor; Gail McGregor, | |
| Defendants. | |

This matter is before the Court on Defendants'[1] motion for summary judgment. [Doc. 144.] Plaintiff is proceeding pro se. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

---

[1] Plaintiff originally named William Fred McGregor as the sole defendant in this case. [*See* Doc. 1.] On October 15, 2010, before service was effected on William Fred McGregor, Plaintiff informed the Court that William Fred McGregor had passed away, and Thomas W. McGregor and Gail McGregor should be substituted as parties to the action; Plaintiff's letter was filed as a motion to substitute party. [Doc. 14.] On October 22, 2010, William Fred McGregor's attorney filed a motion to dismiss the action because Plaintiff failed to properly serve William Fred McGregor and the Court lacked jurisdiction over William Fred McGregor, a deceased person. [Docs. 16, 16-1.] On November 29, 2010, the District Court adopted the Report and Recommendation of Magistrate Judge Bruce Howe Hendricks, recommending that both motions be denied and that, pursuant to Rule 25 of the Federal Rules of Civil Procedure, William Fred McGregor's counsel "should serve a formal notice of suggestion of death on both the representative and the Plaintiff and file a proof of service reflecting the name and address of the person(s) to be served." [Doc. 30 at 3.] Counsel filed a suggestion of death on December 10, 2010 [Doc. 38], Plaintiff provided a proposed summons on December 17, 2010, and Defendant Thomas W. McGregor was added as a party and William Fred McGregor was terminated as a party on December 20, 2010 [Doc. 43]. Plaintiff subsequently filed a motion to amend/correct the Amended Complaint to add Defendant Gail McGregor [Doc. 53], which the Court granted by text order on February 25, 2011 [Doc. 69].

## BACKGROUND

Plaintiff filed this action on August 25, 2010 [Doc. 1] and amended his Complaint on August 31, 2010 [Doc. 6] and March 4, 2011 [Doc. 76].[2] Plaintiff alleges Defendants owe Plaintiff three years' worth of back wages, stock in Defendants' company, and money Plaintiff invested with Defendants. [Doc. 76-2 at 2.] Plaintiff claims damages in the amount of $234,000 or a sum approved by the Court. [*Id.* at 5.] In Defendants' Second Amended Answer, filed in response to the First Amended Complaint, Defendants asserted counterclaims against Plaintiff, including breach of contract, fraud, quantum meruit, and unjust enrichment. [Doc. 50.]

On September 16, 2011, Defendant filed the instant motion for summary judgment. [Doc. 144.] On November 8, 2011, Plaintiff filed a response in opposition. [Doc. 154.] Defendants filed a reply on November 15, 2011 [Doc. 160], and Plaintiff filed a surreply on November 28, 2011 [Doc. 162]. Accordingly, Defendants' motion for summary judgment is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard

---

[2] When he filed this action, Plaintiff was an inmate at Kirkland Correctional Institution. [*See* Doc. 1.] On June 28, 2011, Plaintiff filed a notice of change of address, indicating his max-out date was July 1, 2011 and future correspondence could be sent to him at an address in Ohio. [Doc. 140.] On December 5, 2011, Plaintiff filed another notice of change of address, listing another address in Ohio. [Doc. 163.]

2

than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the

3

allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

4

**DISCUSSION**

Defendants argue they are entitled to summary judgment because (1) the Dead Man's Statute prevents Plaintiff from testifying concerning conversations with William F. McGregor and Plaintiff offers no other evidence to prove his claim [Doc. 144-1 at 1–3]; (2) Plaintiff has presented no evidence to prove his claim [*id.* at 3–7]; (3) the contract, if it existed, could not be performed in less than one year, was not reduced to writing, and, therefore, violates the statute of frauds [*id.* at 7–9]; and (4) Plaintiff has no evidence of Gail McGregor's involvement in this action [*id.* at 9–10]. Liberally construed, Plaintiff's Complaint, Amended Complaint, and Second Amended Complaint together allege a federal cause of action pursuant to the Fair Labor Standards Act ("FLSA"), a state cause of action pursuant to the South Carolina Payment of Wages Act, and a state cause of action for breach of contract. However, Defendants' motion to dismiss fails to address the FLSA claim—the claim that gives this Court jurisdiction over the case—at all. *See Steelman v. Hirsch*, 473 F.3d 124 (4th Cir. 2007) (affirming district court's "grant[ing] summary judgment on the sole federal cause of action—the FLSA claim—and dismiss[ing] the state law claims without prejudice after it declined to exercise supplemental jurisdiction").

Because the FLSA claim is the only federal claim and the Court has jurisdiction over the state causes of action only by exercising supplemental jurisdiction,[3] the Court

---

[3] A civil action for Plaintiff's state law claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. However, this Court does not have diversity jurisdiction in this case because Plaintiff and Defendants were all residents of the State of South Carolina at the time this action was filed, which defeats the required complete diversity of parties. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) (stating "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)); *Roberts v. Morchower*, 956 F.2d 1163, at *1 (4th Cir. 1992) (unpublished table

recommends Defendants' motion for summary judgment be denied with leave to refile a supplemental motion addressing the FLSA claim. The motion and memorandum in support thereof should, at a minimum, address the following: (1) whether Plaintiff was an employee, as defined by the FLSA; (2) whether Defendant was an employer, as defined by the FLSA; (3) whether Plaintiff has established an FLSA claim under the burden-shifting scheme outlined in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). Additionally, the Court recommends that Defendants be directed to include their arguments regarding the merits of Plaintiff's state law claims so the Court may address all claims at once.[4]

## **CONCLUSION**

Wherefore, based on the foregoing, it is recommended that Defendants' motion for summary judgment [Doc. 144] be DENIED and that Defendants be directed to file a supplemental motion consistent with the recommendations in this Report and Recommendation.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

March 26, 2012
Greenville, South Carolina

---

decision) (stating when one of the parties is incarcerated, the presumption is that the prisoner's domicile is the location where he was domiciled before his incarceration). Accordingly, Plaintiff's state law claims could be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction." Therefore, the Court recommends addressing the federal law claim—the claim over which the Court has original jurisdiction—before addressing the state law claims.

[4]Defendants should also be directed to include a discussion of whether the South Carolina Dead Man's Statute is applicable to claims governed by federal, as opposed to state, law.