IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Douglas Geer,                                    )
                                                 )
                        Plaintiff,               )
                                                 )     C.A. No. 8:10-2219-HMH-JDA
            vs.                                  )
                                                 )     **OPINION & ORDER**
Thomas W. McGregor, as personal                  )
representative of the Estates of William         )
Fred McGregor and Gail McGregor,                 )
                                                 )
                        Defendant.               )

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Douglas Geer ("Geer") alleges that he was

employed by William and Gail McGregor and that he is owed unpaid wages.  Geer alleges a

claim pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., a claim under

the South Carolina Payment of Wages Act ("Payment of Wages"), S.C. Code Ann. § 41-10-10,

et seq., and a claim for breach of contract.  Thomas W. McGregor, as personal representative for

the estate of William Fred McGregor, and Gail McGregor filed a supplemental motion for

---

[1]The magistrate judge makes only a recommendation to this court.  The recommendation
has no presumptive weight.  The responsibility to make a final determination remains with this
court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making
a de novo determination of those portions of the Report and Recommendation to which specific
objection is made, and the court may accept, reject, or modify, in whole or in part, the
recommendation of the magistrate judge or recommit the matter with instructions.  See 28
U.S.C. § 636(b)(1).

summary judgment on May 16, 2012.[2]  Magistrate Judge Austin recommends granting

Defendant's supplemental motion for summary judgment on Geer's breach of contract claim and

denying summary judgment on Geer's FLSA and Payment of Wages claims.  (Report &

Recommendation 15, ECF No. 193.)  Defendant filed an objection and a supplemental objection

to the Report and Recommendation.  Geer filed a motion for treble damages on February 21,

2013, and Defendant filed a response to the motion on March 4, 2013.  This matter is now ripe

for consideration.

## I. Factual and Procedural History

Geer alleges that he was employed by William Fred McGregor ("Mr. McGregor") from

2006 through 2010 in Anderson, South Carolina.  (Sec. Am. Compl. 3, 4, 11, ECF No. 76-2.)

Geer contends that he worked for Mr. McGregor in the following capacities:  (1) as an auto

technician at an unnamed car lot; (2) out of a vehicle performing collection services; and (3) as a

bondsman for Mr. McGregor's companies, Hunters Finance, Gateway Bail Bond ("Gateway"),

---

[2]Initially, William Fred McGregor was the sole defendant in this case.  (Compl. 1, ECF No. 1.)  Subsequently, William Fred McGregor passed away.  On December 10, 2010, Thomas W. McGregor filed a suggestion of death for William Fred McGregor as personal representative of his estate.  (Suggestion of Death 1, ECF No. 38.)  On December 20, 2010, the magistrate judge substituted Thomas W. McGregor, as personal representative of William Fred McGregor's estate, for William Fred McGregor.  (Dec. 20, 2011 Order 1, ECF No. 43.)  Geer subsequently filed a motion to amend the amended complaint to add Gail McGregor as a defendant, which the magistrate judge granted by text order on February 25, 2011.  (Feb. 25, 2011 Order, ECF No. 69.)  On July 19, 2012, Thomas W. McGregor filed a suggestion of death for Gail McGregor as personal representative of her estate.  (Suggestion of Death, ECF No. 184.)  The magistrate judge substituted Thomas W. McGregor, as personal representative of Gail McGregor's estate, for Gail McGregor on August 23, 2012.  (Aug. 23, 2012 Order, ECF No. 187.)  For convenience, the court will refer to Thomas W. McGregor, as personal representative of the estates of William Fred McGregor and Gail McGregor, as "Defendant" throughout this Order.

and ABB Bail Bond ("ABB").[3]  (Id., ECF No. 76-2.)  Geer further alleges that he performed yard work and car and cable maintenance for Gail McGregor ("Mrs. McGregor").  (Id. at 3, ECF No. 76.)

According to Geer, he and Mr. McGregor orally agreed that Mr. McGregor would deposit 90 percent of Geer's pay into an interest-bearing account.  (Id. at 3, 11, ECF No. 76-2.)  As evidence of his employment, Geer provides a Wage Loss Verification Form ("WLV Form") signed by himself and Mr. McGregor that states he is owed $2,800.00 in worker's compensation for an injury he suffered on the job.  (Pl. Resp. Opp'n Mot. Summ. J. Attach. 1 (WLV Form 1), ECF No. 154-1.)  Geer alleges that he is owed $234,000.00 in unpaid wages and that no money was deposited in any account.  (Sec. Am. Compl. 4, 5, 11, 13, ECF No. 76-2.)

Defendant submitted a motion for summary judgment on September 16, 2011. Magistrate Judge Austin recommended denying the motion with leave to file a supplemental motion because Defendant failed to address Geer's FLSA claim, and the court adopted the Report and Recommendation on April 16, 2012.  (Report & Recommendation 5-6, ECF No. 164.)  Defendant submitted a supplemental motion for summary judgment on May 16, 2012. (See Def. Suppl. Mot. Summ. J. 1-2, ECF No. 171.)

Magistrate Judge Austin recommends denying Defendant's supplemental motion for summary judgment as to Geer's FLSA claim because Geer alleged that he was employed at several businesses that were not addressed by Defendant in the supplemental motion.  (Report & Recommendation 8, ECF No. 193.)  In Defendant's objections to the Report and

---

[3]Geer refers to these businesses interchangeably as Hunters Finance and Hunter's Financial; Gateway Bail Bond and Gateway Bail Bonding; and ABB Bail Bond and ABB Bail Bonding.  (Sec. Am. Compl. 2, 3, 11, ECF No. 76-2.)

3

Recommendation filed February 11, 2013, it is alleged that Mr. and Mrs. McGregor have never owned, operated, profited, or affiliated with the businesses identified by Geer.  (Def. Objections 3, ECF No. 200.)  In addition, Defendant contends that to his knowledge, Mr. and Mrs. McGregor were never involved with any of the businesses that Geer identifies.  (Id. Ex. A (Thomas McGregor Aff. ¶ 9), ECF No. 200-1.)  Defendant submits that the only company Mr. McGregor operated was Landmark Finance, Inc. ("Landmark Finance").  (Id. Ex. A (Thomas McGregor Aff. ¶¶ 5, 9, 10).  Geer does not identify Landmark Finance as a company for which he worked.  (See Sec. Am. Compl. 3, 11, ECF No. 76-2.)  In further support of Defendant's position, he submits the affidavits of Varada Ogale ("Ogale") and Thomas Cox ("Cox"), Mr. and Mrs. McGregor's personal and business accountants, respectively, between 2006-2010.  (Id. Ex. B (Ogale Aff. ¶¶ 4-8), ECF No. 200-2; Id. Ex. C (Cox Aff. ¶¶ 5-7), ECF No. 200-3.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

4

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cnty. of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

### B. Objections to the Amended Report and Recommendation

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, the court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Geer has not submitted any objections to the magistrate judge's Report and Recommendation. Defendant, however, alleges three specific objections. Defendant alleges that Geer fails to: (1) state a claim under the FLSA; (2) state a claim under the South Carolina Payment of Wages Act; and (3) offer any admissible evidence to support his FLSA or Payment of Wages claims. (Def. Objections 3, 7, 9, ECF No. 200.)

In the Report and Recommendation, Magistrate Judge Austin found that "the Court is unable to determine whether the businesses where Plaintiff alleges he worked are employers or

5

enterprises as defined under the FLSA, and issues of fact exist to preclude summary judgment on Plaintiff's FLSA claim."  (Report & Recommendation 8, ECF No. 193.)  Defendant argues that Hunters Finance, Gateway, ABB, and the unnamed car lot were not addressed in the supplemental motion for summary judgment "because they have never owned, operated, been associated with, or earned income" from any of the businesses.  (Def. Objections 3, ECF No. 200.)

The FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," a certain minimum wage.  29 U.S.C. § 206(a).  There are two ways an employee can recover unpaid wages under the FLSA.  First, under individual coverage, the employee requesting FLSA protection qualifies if he is "engaged in commerce or in the production of goods for commerce." Id.  "[E]mployees engaged in commerce are employees doing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof."  29 C.F.R. § 776.9 (internal quotation marks omitted).  Second, under enterprise coverage, the employee can be  "employed in an enterprise engaged in commerce or in the production of goods for commerce."  § 206(a).  This includes any enterprise "that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."  29 U.S.C. § 203(s)(1)(A)(i).  In addition, under enterprise coverage, the employer must have an "annual gross volume of sales made or business done" of at least $500,000.00.  Id. § 203(s)(1)(A)(ii).

6

As an initial matter, the FLSA requires that the claimant "bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for the purposes of the Act." Benshoff v. City of Va. Beach, 180 F.3d 136, 140 (4th Cir. 1999). The claimant also must establish "the hours he claims to have worked and the work he claims to have performed for which he was not paid." McLaughlin v. Murphy, 436 F. Supp. 2d 732, 737 (D. Md. July 26, 2005). Defendant alleges that there is no record of Geer working for Mr. McGregor in any of the capacities that he claims.[4] (Def. Objections 3, ECF No. 200.) In the absence of employment records provided by the employer, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produced sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). A claimant, however, "does not need to give exact evidence of the hours he worked." Id.

Geer alleges to have performed collection services, yard work, car and cable maintenance, auto technician services at an unnamed car lot, and bondsman work at Hunters Finance, Gateway, and ABB for Mr. McGregor. The only documentary evidence that Geer provides to support his claims of employment is a WLV Form from "Hunter Finance."[5] Geer

_____

[4]To the extent Geer alleges a claim for failure to keep adequate employment records in his motion for treble damages against Defendant, the FLSA does not authorize a private right of action to enforce the recordkeeping provisions. Elwell v. Univ. Hosp. Home Care Serv., 276 F.3d 832, 843 (6th Cir. 2002) ("Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor.") (citing 29 U.S.C. § 217); (see Pl. Mot. Treble Damages 1, ECF No. 204.)

[5]As discussed previously, Geer consistently references the business as either "Hunters Finance" or "Hunter's Financial" in his pleadings. (Sec. Am. Compl. 2, 3, 11, ECF No.

has not produced any other evidence of employment with any of the other businesses allegedly owned by Mr. McGregor. Defendant denies that Mr. and Mrs. McGregor had any affiliation or involvement with any of the businesses with which Geer alleges to have been employed. (Def. Objections Ex. A (Thomas McGregor Aff. ¶ 9), ECF No. 200-1.) In support of this contention, Defendant submitted the affidavits of Ogale and Cox, who claim that none of Geer's alleged employers were listed on Mr. and Mrs. McGregor's tax returns. (Id. Ex. B (Ogale Aff. ¶¶ 4-8), ECF No. 200-2; Id. Ex. C (Cox Aff. ¶¶ 5-7), ECF No. 200-3.) Further, Defendant introduced records from the City of Anderson Business License Office, the South Carolina Department of Insurance, and the South Carolina Secretary of State demonstrating that Mr. and Mrs. McGregor have not had any involvement with Geer's alleged employers. (Id. Ex. A (Thomas McGregor Aff. 4-8), ECF No. 200-1.)

Geer's conclusory allegations of employment are insufficient to create a genuine issue of material fact. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-moving party's] case."). Further, Geer has not "produced sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." McLaughlin, 436 F. Supp. 2d at 737. Moreover, Geer does not allege that he worked for Landmark Finance, the corporation Mr. McGregor admittedly operated. Thus, Geer has failed to raise a genuine issue of material fact that an employer-employee relationship existed or that he was improperly compensated for his alleged work performing collection

---

76-2.) The WLV Form, however, states the employer's name as "Hunter Finance."

services, yard care, car and cable maintenance, and employment at the unnamed car lot, Gateway, ABB, and Landmark Finance.

Further, even assuming that Geer has sufficiently alleged an employer-employee relationship with Hunters Finance based on the WLV Form, he has failed to demonstrate that he "performed work for which he was improperly compensated and . . . produce[d] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." McLaughlin, 436 F. Supp. 2d at 737. The WLV Form merely represents an amount lost from work due to an injury sustained by the employee. (Pl. Resp. Opp'n Mot. Summ. J. Attach. 1 (WLV Form 1), ECF No. 154-1.) The WLV Form itself does not establish the amount and extent of work actually performed by Geer. (Id.) Geer broadly alleges that he was employed by Mr. McGregor from some point in 2006 through part of 2010, but he does not specify or even estimate the amount of work he performed during that time period at Hunters Finance or the amount of work he performed for which he was improperly compensated. (Sec. Am. Compl. 2, ECF No. 76-2.) Thus, Geer's FLSA claim fails because there is no evidence that he performed work for which he was improperly compensated.

Moreover, even if Geer could establish an employer-employee relationship and improper compensation, he has failed to show that he individually was "engaged in commerce or in the production of goods for commerce, or [wa]s employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). First, there is no enterprise coverage under the FLSA because there is no evidence that Hunters Finance or any of the other companies allegedly operated by Mr. McGregor had an "annual gross volume of sales made or business done" of at least $500,000.00. 29 U.S.C. § 203(s)(1)(A)(ii). Thus, Geer has failed to

9

raise a genuine issue of material fact in this regard.  See Scott v. K.W. Max Inv., Inc., No. 07-10649, 2007 WL 2850926, **4-5 (11th Cir. Oct. 2, 2007) (unpublished) (holding that an FLSA claimant cannot proceed under an enterprise coverage theory if he fails to raise a genuine issue of material fact as to whether his employer "had gross sales or business done which exceeded $500,000 in any year during which [the claimant] was employed.").

Geer additionally fails to raise a genuine issue of material fact as to whether he personally was engaged in commerce or in the production of goods for commerce.  The FLSA is meant "to regulate only activities constituting interstate commerce, not activities merely affecting commerce."  Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006).  "[A] court must determine 'whether the [employee's] work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'"  Rains v. E. Coast Towing & Storage, LLC, 820 F. Supp. 2d 743, 747 (E.D. Va. Sept. 20, 2011) (quoting Mitchell v. Lubin, 358 U.S. 207, 212 (1959)).

> [F]or an employee to be engaged in commerce under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce for work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

Thorne, 448 F.3d at 1266 (internal quotation marks omitted) (citing McLeod v. Threlkeld, 319 U.S. 491, 493-98 (1943)).

Geer offers no evidence regarding the nature of Hunters Finance's business.  The only evidence Geer provides is a WLV Form, which reflects that he served as an "[a]uto [t]ech" and

an "[a]ccountant - sales person" while employed by Hunters Finance.  (Pl. Resp. Opp'n Mot. Summ. J. Attach. 1 (WLV Form 1), ECF No. 154-1.)  Geer additionally alleges that he assisted with bail bonding while working there.  (Sec. Am. Compl. 11, ECF No. 76-2.)

Liberally analyzing his pro se pleadings and construing all inferences and ambiguities in favor of the non-moving party, there is no evidence that Hunters Finance was an instrumentality of interstate commerce.  The record is devoid of any evidence that Hunters Finance was anything other than a local business.  Geer does not allege that Hunters Finance had any interstate operations or that it ever transacted business outside of South Carolina.  Further, there is no evidence that Geer's yard, car, and cable maintenance and collection services were interstate operations as opposed to a local operation.  Thus, Geer has failed to raise a genuine issue of material fact that Hunters Finance was an instrumentality of commerce.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Additionally, Geer is unable to demonstrate that he regularly used the instrumentalities of interstate commerce for work.  An employee's work must be "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it . . . ."  Rains, 820 F. Supp. 2d at 747.  Geer does not allege, nor does the record reflect, that he traveled outside the state of South Carolina for any of his work.  Further, there is no evidence that Geer ever corresponded with customers or business contacts located outside South Carolina using mail, telephone, or facsimile.  See Thorne, 448 F.3d at 1267.  The bare allegations in the record that Geer was an "[a]uto [t]ech," "[a]ccountant - sales person," and assisted with "bonding," without additional evidence of how he participated in the actual

11

movement of persons or things in interstate commerce, are insufficient to withstand a motion for summary judgment. Anderson, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."); see also Navarro v. Broney Auto. Repairs, Inc., 533 F. Supp. 2d 1223, 1226-27 (S.D. Fla. Jan. 29, 2008) (holding that a mechanic at an automobile repair shop was not individually covered under the FLSA); Hodgson v. Hyatt Realty & Inv. Co., Inc., 353 F. Supp. 1363, 1375 (M.D.N.C. Jan. 30, 1973) (holding that if "the main purpose of [the employment] involves an essentially local activity or production[,]" any "subsequent involvement in interstate commerce is fortuitous, and unsubstantial in light of the purposes of the Act."). Thus, Geer does not qualify for individual coverage under the FLSA. Based on the foregoing, the court grants Defendant's supplemental motion for summary judgment on Geer's FLSA claim.

Geer did not file objections to the Report and Recommendation. In the absence of objections to the magistrate judge's Report and Recommendation, the court is not required to give any explanation for adopting the recommendation. See Camby, 713 F.2d at 199. The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Thus, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation to the extent it is consistent with this opinion and grants summary judgment on the breach of contract claim. In its discretion, the court declines to exercise supplemental jurisdiction over Geer's remaining

Payment of Wages claim in accordance with 28 U.S.C. § 1367(c)(3).[6]  Therefore, this claim is dismissed.[7]

In addition, Geer's motion for treble damages is denied.  The FLSA does not allow for an award of treble damages.  See 29 U.S.C. § 216(b).  Further, although treble damages may be awarded under a Payment of Wages claim, the court denies this motion as moot because the Payment of Wages claim has been dismissed pursuant to § 1367(c)(3).  See S.C. Code Ann § 41-10-80(c).

---

[6]Based on the foregoing, the court declines to address Defendant's remaining two objections to the Report and Recommendation pertaining to Geer's Payment of Wages claim and the admissibility of Geer's WLV Form.

[7]28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

Therefore, it is

**ORDERED** that Defendant's supplemental motion for summary judgment, docket number 171, is granted in part consistent with this Order.  It is further

**ORDERED** that Geer's remaining state law Payment of Wages claim is dismissed without prejudice.  It is further

**ORDERED** that Geer's motion for treble damages, docket number 204, is denied as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 5, 2013

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

14